IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 7, 2006

## MARCUS NIXON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 7364    Joseph M. Walker, III, Judge**

---

**No. W2005-02158-CCA-R3-WM  - Filed April 3, 2006**

---

The petitioner, Marcus Nixon, was convicted in Lauderdale County of rape of a child and sentenced to serve twenty-one years in the Department of Correction.  His conviction was affirmed on direct appeal.  The petitioner filed a petition seeking a DNA analysis.  The trial court initially granted an order requiring the petitioner to submit a blood sample to be compared to DNA collected at the scene.  After a response from the State, the trial court entered a second order requiring the petitioner to provide a biological specimen for inclusion in the DNA database compiled by the State, but denying the petitioner's request for DNA analysis because no "exculpatory results" would come from the analysis.  The petitioner then sought a writ of mandamus requiring the State to comply with the trial court's second order, and also filed a motion seeking permission to file an interlocutory appeal to appeal the trial court's denial of his petition requesting DNA analysis.  The petitioner filed a timely notice of appeal.  For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and NORMA MCGEE OGLE, JJ., joined.

Marcus Nixon, Pro Se, Tiptonville, Tennessee

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Elizabeth Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In February of 2003, the petitioner was convicted by a jury of rape of a child.  As a result, he was sentenced by the trial court to serve a sentence of twenty-one years in the Department of Correction.  This Court affirmed his conviction on direct appeal.  See State v. Marcus Vashawn

<u>Nixon</u>, No. W2003-01909-CCA-R3-CD, 2004 WL 2058927, at *1 (Tenn. Crim. App., at Jackson, Sept. 15, 2004).  On appeal, this Court summarized the relevant facts of the case as follows:

> In the early morning hours of July 7, 2002, the Appellant entered the home of Brenda Allen in Ripley, after Allen had fallen asleep in her car listening to the radio.  After entering, the Appellant approached the nine-year-old victim, L.T., who was asleep on the couch.  The victim testified that she woke up and saw the Appellant standing over her, he removed her shorts, and then placed his "private part" in her "private part."  Allen awoke after hearing the victim's screams and came into the house.  She testified that she immediately recognized the Appellant and called out to him, but he ran out the back door.  Allen called the police to report the rape, and officers responding to the scene spotted the Appellant in the surrounding area, wearing clothes matching the description furnished by Allen.  The Appellant was subsequently arrested at the home of his sister.  He later gave a statement to police admitting that he had had intercourse with a girl in Allen's home, but he stated that the girl had initiated the sexual encounter and told him that she was fifteen years old.

<u>Id.</u> (footnote omitted).

Subsequently, on August 19, 2004, the petitioner filed a petition requesting a DNA analysis.  On December 15, 2004, the trial court ordered that a DNA test be conducted.  The trial court's order also required that "blood be drawn from the defendant for submission to the TBI lab for analysis and comparison to the DNA collected at the scene, which has already been analyzed."  On April 8, 2005, the petitioner filed a motion to determine the status of his petition requesting DNA analysis, in which the petitioner stated that the trial court granted the petition in its December 2004 order.

On August 3, 2005, the State filed a response to the petitioner's petition requesting DNA analysis.  The State argued that the petitioner was convicted of child rape based on the testimony of both the victim and a witness, and the petitioner also admitted his involvement.  The State pointed out that the only exhibits that indicated the presence of semen were the petitioner's own pants and a couch cushion. The State argued that the analysis of neither exhibit could have yielded exculpatory evidence.  Thus, the State opposed the DNA analysis because the petitioner failed to demonstrate a reasonable probability that he would not have been prosecuted or convicted because the DNA testing would not have revealed exculpatory evidence.

On August 5, 2005, the trial court entered a second order requiring the petitioner to provide a biological specimen for the purposes of DNA analysis in accordance with Tennessee Code Annotated section 40-35-321.[1]  However, the trial court denied the petitioner's request for further DNA analysis because the semen on his pants and couch cushion "would not provide exculpatory results."

---

[1]Tennessee Code Annotated section 40-35-321(b) requires persons convicted of rape of a child and other felonies to "provide a biological specimen for the purposes of DNA analysis."

On August 31, 2005, the petitioner filed an interlocutory appeal seeking permission to appeal the trial court's denial of his petition requesting DNA analysis. On September 8, 2005, the petitioner appealed the trial court's August, 2005 order. There is no order in the record on appeal that indicates that the trial court made a decision on the petition for writ of mandamus.

Analysis

On appeal, the petitioner contends that the trial court's order of August 5, 2005 is "completely erroneous and contrary" to the original order of December 2004. Specifically, the petitioner contends that the DNA analysis would have resulted in exculpatory information and that allowing the State to respond to the petition nearly eight months after the initial order was entered violated his rights to due process. The State contends that the "writ of mandamus should be dismissed because the issuance of the writ is not necessary in aid of the appellate powers of this Court."[2]

Tennessee Code Annotated section 40-30-301, et seq. is known as the "Post-Conviction DNA Analysis Act." Under Tennessee Code Annotated section 40-30-303, a petitioner may file a request for forensic DNA analysis in a petition for post-conviction relief at any time. Tennessee Code Annotated section 40-30-304 goes on to state:

> After notice to the prosecution and an opportunity to respond, the court shall order DNA analysis if it finds that:
> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

---

[2]The State focuses the majority of its argument on whether the trial court should have dismissed the petition for writ of mandamus filed by the petitioner in the trial court in which the petitioner sought to force the State to comply with the trial court's December 2004 order requiring DNA analysis. We note that there is no final order in the technical record from the trial court ruling on the merits of the writ of mandamus. Our Rules of Appellate Procedure provide that a "defendant may . . . appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). Thus, the petitioner could not have appealed on the basis of the writ due to the absence of a final order. However, the petitioner appears to be appealing the trial court's decision to deny DNA analysis of the couch cushion and pants rather than the trial court's decision or indecision on the writ of mandamus.

In other words, Tennessee Code Annotated section 40-30-304 applies when the exculpatory results from the DNA analysis would not have resulted in a prosecution or conviction. Tennessee Code Annotated section 40-30-405 is similar, but applies when the results would have resulted in a more favorable verdict or sentence. Tennessee Code Annotated section 40-30-305 states:

> After notice to the prosecution and an opportunity to respond, the court may order DNA analysis if it finds that:
>> (1) A reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;
>> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

In the case herein, the petitioner sought DNA analysis under Tennessee Code Annotated section 40-30-304. Looking at the record, the State pointed out in its response to the initial petition that the only exhibits that indicated the presence of semen were the petitioner's own pants and a couch cushion recovered from the scene. Whether the petitioner's DNA was on his own pants certainly would not have been a factor in either prosecution or conviction. Furthermore, if testing revealed that the petitioner's DNA was not on the couch cushion, it would not have necessarily eliminated the petitioner as a suspect, especially coupled with the additional overwhelming evidence of guilt. The victim and a witness were able to identify the petitioner as the perpetrator at trial, and the petitioner gave a statement to police in which he admitted that he had intercourse with a girl in the Allen home. This Court has noted, "If the state contests the presence of any qualifying criteria and it is apparent that each prerequisite cannot be established, the [post-conviction] court has the authority to dismiss the petition." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App., at Nashville, Apr. 24, 2003), perm. app. denied, (Tenn. 2003). In sum, "[t]he failure to meet any of the qualifying criteria is, of course, fatal to the action." Id. We agree with the State and the trial court that the petitioner has failed to demonstrate that a reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis. Accordingly, the judgment of the trial court refusing to order additional DNA analysis is affirmed.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE